UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| PAUL DIXON LEWIS,<br><br>　　　Plaintiff<br><br>v.<br><br>SCOTT DAVIS, et. al.,<br><br>　　　Defendants | Case No.: 3:19-cv-00437-MMD -WGC<br><br>**Report & Recommendation of**<br>**United States Magistrate Judge** |

This Report and Recommendation is made to the Honorable Miranda M. Du, Chief United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

For the reasons set forth below, it is recommended that this action be dismissed for Plaintiff's failure to prosecute and the pending motions be denied as moot.

**I. BACKGROUND**

Plaintiff was incarcerated within the Nevada Department of Corrections (NDOC) when he filed his pro se civil rights action under 42 U.S.C. § 1983. (ECF No. 6.) A search on NDOC's website reveals that Plaintiff was subsequently released.

The court screened his complaint and allowed him to proceed with claims of violation of the First Amendment's Free Exercise Clause and Establishment Clause and the Religious Land Use and Institutionalized Persons Act of 2000 (RLUIPA) against Baker, Carpenter and Davis. (ECF No. 5.) Defendants filed their answer on March 23, 2021. (ECF No. 15.)\

On July 21, 2021, Defendants filed their motion for summary judgment. (ECF No. 18.) Plaintiff did not timely file a response. On August 23, 2021, the court gave Plaintiff an additional 30 days to file his response. (ECF No. 21.) Plaintiff still did not file a response.

On October 8, 2021, the court issued an order to show cause re: dismissal, giving Plaintiff 21 days to file a notice of intent to prosecute this action, and was cautioned that a failure to do so would result in a recommendation that this action be dismissed for failure to prosecute under Federal Rule of Civil Procedure 41(b).

## II. DISCUSSION

Federal Rule of Civil Procedure 41(b) permits dismissal of an action for the failure to prosecute or comply with rules or a court order. Fed. R. Civ. P. 41(b).

Plaintiff has not indicated an intent to prosecute this action, despite the court giving him an opportunity to do so.

In considering whether to dismiss a pro se plaintiff's action under Rule 41(b), the court considers: "(1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1998).

First, the public has an interest in expeditious resolution of litigation. Plaintiff's failure to further participate in his lawsuit impedes this goal. Therefore, this factor weighs in favor of dismissal.

Second, the court's need to manage its docket is thwarted by Plaintiff's failure to prosecute his own action. *See Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) ("It is incumbent

upon the Court to manage its docket without being subject to routine noncompliance of litigants."). As such, this factor weighs in favor of dismissal.

Third, the defendants risk prejudice the longer this case is carried on because the memories of witnesses will fade and evidence may be lost. *See Pagtalunan*, 291 F.3d at 643 (citation omitted). Therefore, this factor weighs in favor of dismissal.

Fourth, while there is a public policy favoring disposition of cases on their merits which weighs in favor of Plaintiff, this is not outweighed by the other factors that compel dismissal.

Finally, the court has no less drastic sanction when it has received no communication from Plaintiff. As a result, no sanction short of dismissal is feasible. Given Plaintiff's failure to get in touch with the court, monetary sanctions are not practical. Nor are other non-monetary sanctions an option as Plaintiff has apparently abandoned his case. Thus, this factor weighs in favor of dismissal.

In sum, the majority of the factors weigh in favor of dismissal under Rule 41(b).

### III. RECOMMENDATION

IT IS HEREBY RECOMMENDED that the District Judge enter an order **DISMISSING** this action **WITH PREJUDICE**, and **DENYING AS MOOT** Defendants' pending motion for summary judgment (ECF No. 18).

The parties should be aware of the following:

1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of being served with a copy of the Report and Recommendation. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

Dated: November 2, 2021

*William G. Cobb*
William G. Cobb
United States Magistrate Judge